THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00426-REB-CBS

ANALYTICAL SPECTRAL DEVICES, INC.,
a Colorado corporation,

       Plaintiff,

v.

CDEX, INC., a Nevada corporation,

       Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

WHEREAS, the parties to this action may seek discovery of documents, information, or other materials which may contain or relate to confidential, proprietary, or trade secret information of another party or a non-party; and

WHEREAS, the parties to this action, through the entry of this Stipulated Protective Order, wish to ensure that any such document, information or other materials shall be used only for the purposes of this action and shall not be disclosed or used in any other way;

IT IS HEREBY STIPULATED AND AGREED, by and between counsel for the parties to this action, and ordered by the Court pursuant to Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), that the following provisions shall govern the conduct of discovery by the parties in this action. Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.

IT IS THEREFORE ORDERED THAT:

**1.	Scope of "Document"**

"Document" shall have the full scope contemplated by FRCP 34, and includes all tangible written, recorded (electronically or otherwise), or graphic material, whether produced or created by a party or another person, and whether produced pursuant to the discovery rules, by agreement, or otherwise, and includes, without limitation, documents, interrogatory answers, responses to requests for admissions, deposition transcripts and exhibits, pleadings, motions, affidavits, affirmations, and briefs, or any portion of any of the above.

**2.       "Confidential" and "Highly Confidential" material**

Any information, documents, and things ("Discovery Material") that relate to non-public, sensitive or confidential information, the disclosure of which could be detrimental to the disclosing party in the conduct of its business, may be designated as "Confidential" by that party (the "Designating Party"). For example, any information, documents, and things may be designated as Confidential if they relate to (i) sales or marketing information; (ii) customer lists, contacts, proposals, communications and/or information concerning relationships with third parties such as business partners, joint ventures or suppliers; (iii) financial trade secrets or (iv) any other commercially sensitive business information, documents, or things; (v) personal information concerning present, former employees or persons who were considered for or who applied for employment such as their phone numbers, addresses, social security numbers, employment agreements, compensation, non-public job responsibilities or descriptions, etc. Information, documents, and things may be designated as "Highly Confidential" if they relate to (vi) technical trade secrets or technical proprietary information; (vii) research, development, design, implementation, plans, or technical information relating to current, past, proposed or potential future products whether or not such information ever resulted in a commercial product; (viii) production and manufacturing information including cost information; (ix) non-public pending, past or proposed patent applications and related non-public patent prosecution documentation; (x) or information that the Providing Party is under a preexisting obligation to a third party to treat as confidential.

**3.      Designation as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL."**

Documents designated Confidential or Highly Confidential shall be so marked by conspicuously affixing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" (including suitable substitutes such as "HIGHLY CONFIDENTIAL-OUTSIDE ATTORNEY'S EYES ONLY") on each page containing any Confidential or Highly Confidential information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies, at the time of their production or disclosure in this action.  The actual issue of whether any such documents, information, or other materials is in fact confidential, highly confidential, proprietary, or a trade secret is not determined by this Stipulated Protective Order.

An obligation of good faith shall be imposed on each party in connection with the designation of information, documents or materials as "Confidential" or "Highly Confidential."

**4.      Exclusions**

Confidential or Highly Confidential material does not include any document or information that is:

A.      generally known to those in the industry prior to any disclosure hereunder;

B.      generally known to those in the industry without breach of this Order;

C.      approved for release by written authorization of the party who owns the information;

D.      disclosed to the receiving party by a third party lawfully possessing such document or information and under no obligation of confidentiality;

E.      developed independently by the receiving party or any employees or designated agents thereof independently and without any use whatsoever of information received by the receiving party under this Order; or

F.      advertising materials, materials that on their face show that they have been published to the general public, or documents that have been submitted to any governmental entity without request for or statutory entitlement to confidential treatment.

**5.**     **Use and care of Confidential or Highly Confidential material**

A.     Confidential or Highly Confidential material shall be used solely for the prosecution or defense of this action.  Nothing in this Order shall prevent a party from using Confidential or Highly Confidential material at trial or during a hearing or other court proceeding in this litigation and such information shall not lose its Confidential or Highly Confidential status through such use. The party using the Confidential or Highly Confidential material shall take all steps reasonably required to protect the confidentiality of such designated information during such use.  Nothing herein shall be construed to affect in any way the admissibility of any document, testimony, or other evidence at trial.

B.     Confidential or Highly Confidential material shall not be shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for herein.

C.     Any person receiving Confidential or Highly Confidential material hereunder shall exercise reasonable and appropriate care with regard to the storage, custody, and/or use of such material.

D.     Outside Counsel individuals not employed by the Producing Party receiving Highly Confidential material shall refrain from prosecuting, supervising, or assisting in the prosecution of patents in the area of spectrometry and spectroradiometry for chemical identification, including but not limited to the patent(s) in suit and any divisionals, counterpart continuations, continuations-in-part, parents, during the pendency of this litigation, including appeals.  Nothing in this paragraph shall limit individual members of Outside Counsel whom have not reviewed documents or information designated as Highly Confidential by a Producing Party by which Outside Counsel is not employed from participating in the prosecution of

pending or future patent applications or reexamination of patents relating to spectrometry and

spectroradiometry for chemical identification.

E.      Notwithstanding any provision of this Stipulated Protective Order suggesting the contrary, a

Designating Party is free to disclose or use his, her, or its own Confidential or Highly

Confidential material without restriction.

**6.     Disclosure of Confidential or Highly Confidential material**

Confidential material may be disclosed only to the person in categories VI.A through VI.F below, while

Highly Confidential material may be disclosed only to persons in categories VI.B through VI.F below:

A.      A single designated representative of each party, provided that the individual has signed the

Undertaking that is attached hereto as Exhibit A and the Undertaking has been provided to the

opposing party;

B.      Outside counsel of record for the parties to this action, including their paralegal assistants and

secretaries, and employees or agents of counsel, including jury and other consultants retained

by counsel, to the extent reasonably necessary to render professional services in this action and

provided that such persons are actively engaged in the prosecution or defense of this action;

C.      Outside consultants or experts retained for the purpose of assisting counsel in this action,

subject to the condition that such consultant or expert, prior to any disclosure of Confidential

or Highly Confidential material thereto, be identified to the opposing party(ies) no less than ten

(10) days prior to a proposed disclosure, with full identification of the consultant or expert to

whom information is to be disclosed, including the Curriculum Vitae of the consultant or

expert, a list of all publications by the proposed consultant or expert for the past ten (10) years,

a list identifying all lawsuits in which the consultant or expert was involved in any capacity for

the past four (4) years, and an identification of any past or present relationship with the

party(ies) retaining that consultant or expert, with the proviso that, if within that ten (10) day

period, an objection is stated to such disclosure, no such disclosure will be made without prior

court approval;

D.    Witnesses where at least one of the following conditions applies:

-     1.    the witness is a current employee of the Designating Party;

-     2.    the witness is an inventor of a patent owned by the Designating Party, such disclosure being limited only to technical documents the witness authored or received during the time when such person was an employee of the Designating Party;

3.    with respect to a "Confidential" or "Highly Confidential" document, persons identified in such documents as an author of the document in part or in whole, or persons to whom a copy of such document was sent, or who otherwise saw or had access to such document prior to its production in this action;

4.    with respect to "Confidential" or "Highly Confidential" information, persons known to be aware of such information prior to its production in this action;

5.    the Designating Party has consented on the record of the deposition, hearing, or trial to the disclosure of the Confidential or Highly Confidential material to the witness; or

6.    at least ten (10) days before the disclosure, the party desiring to disclose to the witness the Confidential or Highly Confidential material notifies the Designating Party of that desire, with a specific identification of the Confidential or Highly Confidential material to be so disclosed, and the Designating Party fails to object in writing to such showing within that ten (10) day period. If, however, such objection in writing is made, such Confidential or Highly Confidential material may not be disclosed to the

witness until and unless the party desiring to make such disclosure to the witness moves for, and obtains, appropriate relief from the Court upon good cause shown. Witnesses receiving Confidential or Highly Confidential material under this Section VI.D shall not be allowed to retain copies of any such material received. A witness who received such material during a deposition, however, may review that material while reviewing the transcript of such deposition, provided that any such material is not retained by the witness after the review of the transcript for accuracy is completed;

B.    Court officials involved in this action; or

C.    Court reporting personnel involved in taking or transcribing testimony in this action, provided that any such court reporting personnel agrees that all Confidential or Highly Confidential material under this Order shall remain confidential and shall not be disclosed, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to outside counsel of record.

**7.    Written undertaking**

Before any person described in Sections VI.A, VI.C, or VI.D is given access to any Confidential or Highly Confidential material, the individual to whom disclosure is to be made shall sign and date an undertaking substantially in the form of the attached Exhibit A. A copy of such undertaking shall be held by counsel of record for the party disclosing the Confidential or Highly Confidential material. The parties agree not to use the undertakings for any purpose other than monitoring and enforcing compliance with this protective order.

**8.    Responsibility for restricting disclosure**

Counsel for the parties to whom Confidential or Highly Confidential material has been furnished shall be responsible for restricting disclosure of such material in accordance with the provisions of this Order.

**9.      Filing and use in Court**

Confidential or Highly Confidential material shall not be filed with the Court except when required by Court rule, or in connection with motions or applications submitted to the Court.  If any Confidential or Highly Confidential material (including, without limitation, deposition transcripts, exhibits, briefs, affidavits, and affirmations) are filed, such material shall be filed under seal.

**10.     Designation of testimony**

Counsel for any of the parties or the deponent may designate specific testimony or transcript portions as Confidential or Highly Confidential material.  The designation may be made by notice on the record at the deposition, or in writing to counsel for all parties and for the deponent within thirty (30) days after receiving the deposition transcript.  Until the expiration of the thirty (30) day period, all of the testimony contained in the transcript volume shall be treated as Highly Confidential.  To the extent that Confidential or Highly Confidential material is used in depositions, at hearings, or at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony disclosing the Confidential or Highly Confidential material, without the need for further designation.

**11.     Challenging designations**

At any time after the receipt of Confidential or Highly Confidential material, counsel for the receiving party may challenge the designation, as Confidential or Highly Confidential, of all or any portion thereof by providing written notice thereof to counsel for the Designating Party.  The parties shall first try in good faith to resolve any such dispute on an informal basis.  If the parties are unable to agree as to whether the material is appropriate, the receiving party shall certify to the Court that the parties cannot reach an agreement as to the confidential nature of all or a portion of the Confidential or Highly Confidential material.  Thereafter, the party

challenging the designation ("Challenging Party") shall have ten (10) business days from the date of certification to file a motion seeking relief from the Court with regard to any Confidential or Highly Confidential material in dispute.  The Challenging Party shall have the burden of establishing that the disputed Confidential or Highly Confidential material is not entitled to the designation in dispute.

**12.     Inadvertently omitted or incorrect designation markings**

A Designating Party that inadvertently fails to mark Discovery Material as Confidential or Highly Confidential, or inadvertently incorrectly marks Discovery Material as Confidential instead of as Highly Confidential, at the time of the production, shall not be deemed to have waived, in whole or in part, any claim of confidentiality, either as to the specific information disclosed or as to any other information thereto on the same or related subject matter.  Any such unmarked or incorrectly marked Discovery Material shall be properly marked as soon as reasonably possible after the producing party becomes aware of the inadvertent omitted or incorrect marking.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked.  Within five (5) days of receipt of the substitute copies, the receiving party shall return or destroy the previously unmarked or incorrectly marked material and all copies thereof.

**13.     Inadvertent disclosure of privileged or protected materials**

The inadvertent or mistaken production of documents subject to the protection of the attorney-client privilege, work product doctrine, or other privilege from discovery, shall not constitute a waiver of such privilege or protection, and does not put in issue or constitute the affirmative use of the advice of counsel or of any privileged communications.  The producing party shall notify the receiving party in writing of any such inadvertently produced documents as soon as reasonably possible after the producing party becomes aware of their inadvertent production.  Upon receipt of such notice, the receiving party shall return all such documents to the producing party, along with any copies made thereof, as soon as possible but in any event within five (5) business days of receiving such notice.

**14.     Scheduling of privileged or protected material created after filing date of Complaint**

The parties to this action are not required to schedule, or otherwise list in a privilege log, those documents created after the filing date of the Complaint in this action (March 10, 2006) that are responsive to one or more discovery requests and are subject in their entirety to the protection of the attorney-client privilege and/or work product doctrine.

**15.     Non-parties**

This Order shall apply to any non-party to this action who shall be called upon to make discovery or provide deposition or other testimony in connection with this action.  Such non-party shall be deemed to avail itself of the provisions and protections of this Protective Order by making production consistent with it.

**16.     Modification of Order**

This Order may be modified by further written stipulations signed by the undersigned attorneys, or by further order of the Court.  Nothing in this Order shall be deemed to preclude any party from seeking a modification of this Order or an additional protective order.

**17.     Return or destruction of materials**

Within thirty (30) days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, Confidential or Highly Confidential material and all copies of same, and all documents containing or referring to Confidential or Highly Confidential material, other than trial and deposition transcripts, trial and deposition exhibits, briefs, counsel work papers, memoranda and declarations or other documents or papers filed with the Court shall either be returned to the producing party or person or destroyed.  All parties or persons that received Confidential or Highly Confidential material shall make certification of compliance with this section and shall deliver same to counsel for the person that produced the documents not more than sixty (60) days after the final conclusion of this action.  The Clerk of the Court may

return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**18.     Duration**

After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential or Highly Confidential material hereunder, for enforcement of the provisions of this Order following termination of this litigation. This Order shall be binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED at Denver, Colorado, this 16th day of May, 2006.

BY THE COURT:

*s/Craig B. Shaffer*

Craig B. Shaffer
United States Magistrate Judge

APPROVED:  May 16, 2006.
COOLEY GODWARD LLP
ATTORNEYS FOR PLAINTIFF

/s/ Wayne O. Stacy
Andrew Hartman
Wayne O. Stacy
Carolyn V. Juarez
380 Interlocken Crescent, Suite 900
Broomfield, CO 80021-8023
Tele.: (720) 566-4000
Fax:  (720) 566-4099
ahartman@cooley.com
wstacy@cooley.com
cjuarez@cooley.com     HOGAN & HARTSON LLP
ATTORNEYS FOR DEFENDANT

/s/ Andrew Shoemaker
One Tabor Center, Suite 1500
1200 Seventeenth Street
Denver, CO 80202
Tele: (303) 899-7300

Raymond A. Kurz
Celine J. Crowson
Ajit J. Vaidya
Thomas W. Edman
555 Thirteenth Street, NW
Washington, DC  20004
Tele.:  (202) 637-5600

**EXHIBIT A**

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-00426-REB-CBS

ANALYTICAL SPECTRAL DEVICES, INC.,
a Colorado corporation,

       Plaintiff,

v.

CDEX, INC.,
a Nevada corporation,

       Defendant.

---

**UNDERTAKING CONCERNING CONFIDENTIALITY**

---

I, _____, hereby certify that:

1.      I have read the Protective Order entered in the above-captioned action and understand its terms.

2.      I agree to be bound by the terms of the Protective Order.  I agree to use Confidential and Highly Confidential material provided to me pursuant to the Protective Order in this case only for purposes of this litigation.

3.      I understand that my failure to abide by the terms of the Protective Order entered in the above-captioned action may subject me, without limitation, to penalties for contempt of court.

4.      I submit to the jurisdiction of the court in the above-captioned action for the purpose of enforcing the terms of the Protective Order and freely and knowingly waive any right that I may otherwise have to object to the jurisdiction of said court.

5.      I declare under penalty of perjury that the foregoing is true and correct.


Date: _____         Signature:        _____

                                     Print Name:       _____